UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TONYA DALBO, Personal Representative  )
of the Estate of Michael J. Moore,     )
                                       )
       Plaintiff                       )
                                       )
v.                                     )    No. 2:15-cv-249-JAW
                                       )
NIELSEN B. CLARK,                      )
                                       )
       Defendant                       )

**MEMORANDUM DECISION ON MOTION FOR ATTACHMENT**

The plaintiff in this action arising out of a fatal residential fire seeks an attachment of the defendant's property and an attachment on trustee process in the amount of $1,142,775.70. I deny the motion.

**I.    Applicable Legal Standard**

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id.* (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely than

not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security and attached property or credits shown by the defendant to be available to satisfy the judgment. *Id*. (c); Maine R. Civ. P. 4B(c).

## II.   Factual Background

The following factual assertions are taken from the complaint and from the cited affidavits. At all relevant times, Michael J. Moore and James J. Ford rented an apartment in a building located at 35 Main Street in Biddeford, Maine, from the defendant. Complaint (ECF No. 4-2) ¶¶ 3-5, 7. In the early morning hours of September 14, 2014, the building caught fire while Moore, Ford, and other tenants were inside. *Id*. ¶ 8. The primary entrance to the apartment was a set of wooden stairs that were mostly inside the building, which were engulfed by the fire. *Id*. ¶¶ 9-10.

Moore attempted to escape the fire but could not find a way out. *Id*. ¶ 11. He was exposed to extreme heat, toxic products of combustion, and a lack of oxygen. *Id.* ¶ 12. He lost consciousness while still in the apartment. *Id*. ¶ 13. He died on September 19, 2014, as a result of injuries sustained in the fire. *Id*. ¶ 14. At the time of his death, Moore was 23 years old. Affidavit of Tonya Dalbo (ECF No. 29) ¶ 2. The plaintiff is his sister, *id*. ¶ 1, and the duly appointed personal representative of his estate, Complaint ¶ 1.

During the early morning hours of September 14, 2014, Chandra Osthoff was chatting with James J. Ford via Skype. Affidavit [of Chandra Osthoff] (ECF No. 20-3) ¶ 3. At approximately 4:00 a.m., she heard Moore enter the room where Ford was on Skype with her and say that the house was on fire. *Id*. ¶ 6. The Skype call ended and Ford called her by telephone 30 seconds later. *Id*. ¶ 9. During this call, she heard Moore say again that the building was on fire, and that they needed to get out. *Id*. ¶ 10.

The defendant has an insurance policy on the building in the amount of $1,000,000.00. Affidavit [of Michael T. Bigos, Esq.] (ECF No. 31) ¶ 3. The building's front section was constructed of brick, and the rear section, which included the Moore/Ford apartment, was built of wood. *Id.* ¶ 13. All of the tenants other than Moore and Ford were able to get out of the building safely. *Id.* ¶ 17. The fire originated in the stairwell leading to the Moore/Ford apartment, and was intentionally set. *Id.* ¶ 19.

Moore's sole heir is his father, Stephen Dakin, of Katy, Texas. *Id.* ¶ 28. Moore was employed by Smitty's Cinema in Biddeford and Shaw's grocery store at the time of his death. *Id.* ¶ 31. His earnings for the year to date at the time of his death were $5,817.48 from Shaw's and $4,330.44 from Smitty's Cinema. *Id.* He would have earned approximately $16,800 per year. *Id.* ¶ 32. Moore incurred approximately $32,775.72 in medical bills for care and treatment related to his injuries from the fire. *Id.* ¶ 36.

### III.   Discussion

The plaintiff invokes an exception to the common law rule that a landlord is not liable to injuries caused by a defective condition in leased premises that are under the tenant's exclusive control: that the defective and dangerous condition occurred in an area over which the landlord "is deemed to have control." Plaintiff's Motion for Approval of Attachment and Trustee Process Under Maine Rules of Civil Procedure 4A and 4B ("Motion") (ECF No. 5) at 7-8. She contends that the defendant "was in control of the common stairway that led to the attic where Mr. Moore and Mr. Ford were trapped[']" and that the stairway "was defective because there was only one stairway, and only one exit from the apartment." *Id.* Because the defendant could have provided another means of escape "without ever entering the building," she asserts, he is liable under this exception. *Id.*

3

The plaintiff further cites an ordinance of the City of Biddeford and the 1998 National Fire Protection Code, both of which "require at least two means of egress to the outside from each floor of a rental property." *Id*. at 9.  She asserts that the national code, which was adopted by the local ordinance, also requires working fire alarms on all levels of a dwelling unit. *Id*.  Citing *Dongo v. Banks*, 448 A.2d 885 (Me. 1982), she asserts that violation any of provision of this code is evidence of negligence sufficient to entitle her to an attachment of the defendant's property. *Id.*

The defendant replies that a hard-wired smoke detector with battery back-up was present and functioning on each level of the apartment when it was rented to Moore and Ford.  Defendant's Objection to Plaintiff's Motion for Approval of Attachment and Trustee Process ("Opposition") (ECF No. 12) at 11; Affidavit of Carrie L. Chenery ("Chenery Aff.") (ECF No. 12-2) ¶ 7; Affidavit of Daniel V. Roy, Jr. ("Roy Aff.") (ECF No. 12-3) ¶ 12.  He also points out that another means of egress from the apartment did exist, a "lighted fire escape passageway that led to the brick portion of the building" from the attic bedroom.  Opposition at 12.  This passageway was shown to Ford by the assistant building manager before he and Moore rented the apartment.  Chenery Aff. ¶ 8.

To the extent that the plaintiff relies upon a claim that the exception applies in this case because there was no alarm on the exterior stairway to the apartment, Plaintiff's Reply in Support of Motion for Attachment ("Reply") (ECF No. 20) at 2, the defendant has provided expert opinion testimony to the effect that smoke detectors should not be located in locations like that stairway. Roy Aff. ¶ 17.  The plaintiff contests that opinion in her response, Reply at 2, Affidavit of Michael J. Keeley (ECF No. 20-4) ¶ 21, but that dispute cannot be resolved in the context of a motion for attachment.  *See, e.g., Porrazzo v. Karofsky*, 1998 ME 182, ¶ 7, 714 A.2d 826, 828 ("a court need not address complex legal issue or rectify factual disputes in a summary attachment hearing.); *Eaton v. Hancock County*, Civ. No. 8-370-B-W, 2010 WL 4537751, at *1 (D. Me. Nov. 3, 2010)

("Maine trial courts are particularly unwilling to approve prejudgment attachments when the affidavits make clear that the merits of the dispute can only be resolved by a credibility assessment.").

The same is true with respect to the evidence submitted with respect to the plaintiff's other arguments, that there was no required second means of egress and that there was a dangerous condition on the premises. This makes it unnecessary to address the parties' dispute about the duty to anticipate criminal arson. Opposition at 14-16; Reply at 4-6.

### IV. Conclusion

For the foregoing reasons, and because the undisputed evidence does not establish that it is more likely than not that the plaintiff will recover against the defendant, the motion for approval of attachment is **DENIED.**

Dated this 11th day of December, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge